## Fritch, Appellant, *v.* Citizens' Bank of Reading.

*Statute of frauds—Evidence—Judgment.*

Where a bank asks from two of its debtors a judgment note as security for the payment of notes discounted, or which might thereafter be discounted, and they agree to give it if the bank will permit them to include in the note the amount of a debt which they owe to another person, and the bank agrees to this, and the note is drawn to the bank for the increased sum, the bank cannot be held liable to the other creditor, for the full amount of his claim, if it does not collect enough to pay its own. All that the bank agreed to do was to give the other creditor the same advantage it would have itself.

Argued March 4, 1902.   Appeal, No. 334, Jan. T., 1901, by plaintiff, from judgment of C. P. Berks Co., Sept. T., 1895, No. 65, on verdict for defendant in case of Levi L. Fritch, lately trustee of Floranda Miller, to use of the Pennsylvania Trust Company of Reading, successor to Levi L. Fritch and present trustee of Floranda Miller, v. Citizens' Bank of Reading.   Before McCollum, C. J., Dean, Fell, Mestrezat and Potter, JJ.   Affirmed.

Assumpsit to recover the sum of $5,300 which T. L. and M. L. Fritch owed to plaintiff, and which it was alleged the defendant had agreed to pay.   Before Ermentrout, P. J.

The evidence as to the alleged promise to pay the debt is set forth in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Cyrus G. Derr*, with him *D. Nicholas Schaeffer* and *J. H. Marx*, for appellant, cited : Elkin v. Timlin, 151 Pa. 499.

*William Kerper Stevens*, of *Stevens & Stevens*, for appellee, cited : Shepler v. Scott, 85 Pa. 332; Maule v. Bucknell, 50 Pa. 52 ; Shoemaker v. King, 4 Wright, 110 ; Nugent v. Wolfe, 111 Pa. 471 ; Dougherty & Co. v. Bash, 167 Pa. 429.

OPINION BY MR. JUSTICE FELL, April 21, 1902 :

It is unnecessary to consider whether the parol agreement set out in the statement of claim was void under the supplement of 1855 to the statute of frauds and perjuries, as there was not sufficient proof that such an agreement had been entered into by the defendant to warrant the court in submitting the case to a jury. It was alleged in the statement that a judgment note for $30,000 was given by T. L. and M. L. Fritch to the Citizens' Bank to secure their indebtedness to it for notes discounted or which might thereafter be discounted, and that the note included also the amount of a debt which they owed their brother L. L. Fritch, the plaintiff, which debt the bank agreed to pay L. L. Fritch.

The proof in support of the allegation was that the cashier of the bank asked T. L. and M. L. Fritch for a judgment note to secure their indebtedness, which then amounted to about $15,000 ; that they declined to give a judgment note unless it was made to include a debt of $5,300 due their brother; that to this the cashier assented, and they made a note for $30,000, the amount being fixed by them, and sent it to the bank by mail. The language of the only witness for the plaintiff who testified to the making of the agreement was this : " I asked him what kind of security he wanted. He said a judgment. I asked him how much ; to my recollection he said twelve or fifteen thousand dollars. I told him I could not do it except he would include $5,300 trust money we owed Levi, and give him a judgment for ; if he would agree we would give him a sufficiently large judgment to cover the amount of the bank and trust money. He said he could see no objection. I asked him : 'If Levi wants his money how are you going to fix it ? ' He said we should give our note and he will run it over the books and we will pay him."

This testimony was wholly insufficient to establish an agreement on the part of the bank to pay the indebtedness of T. L. and M. L. Fritch to their brother, irrespective of what it might realize on the judgment. It shows only an agreement that the judgment should be held as a security for both. The proposition was not that the bank should pay the debt, but that it " would include the $5,300 trust money " due Levi in the judgment, and give him the same advantage it would have. This was all it was asked to do and all it agreed to do. The subsequent conversation had reference to the means by which Levi could get the money if he needed it, and the means suggested by the cashier, that the bank should discount the note of T. L. and M. L. Fritch shows that they and not the bank were to pay. The parties evidently so understood the matter, as T. L. and M. L. Fritch paid interest to their brother after the judgment was given. The direction of the learned judge to find for the defendant was right, and the judgment is affirmed.